## JOSEPH LANCASTER v. JOHN M. BROWN.

Where the purchaser of property sued out an injunction against a judgment on a mortgage given by his vendors, of which he alleged he had no notice and which was not recorded, and the defendant in the injunction gave in evidence the deposition of one of plaintiff's vendors, to prove that he, plaintiff, had notice, at the same time admitting in open Court, that he, defendant, had executed to the witness such a release as would render him a competent witness in the case, and the plaintiff requested the Court to charge the jury in effect, that the release of the witness was a release of both the plaintiff's vendors and a discharge of the judgment, which instruction the Court refused to give, it was held there was no error; and it was said that it did not sufficiently appear what were the terms of the release, nor that it was under seal, nor was it perceived that the witness was not competent without the release.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

On the 7th of Sept., 1852, Scurry and Wynne purchased from John M. Brown the press, type &c., of the "Lone Star and Southern Watchtower," for the price of $2,000, for which they gave their notes secured by mortgage on the property. At the Fall Term, 1854, Brown recovered judgment against Scurry and Wynne, for a balance of $918, with an order of foreclosure of the mortgage upon the property named, "being the same upon which 'The Texas Ranger' is now printed," &c. Lancaster, the appellant, thereupon commenced this suit to enjoin the sale, alleging that the property was in his possession, that he had purchased it from Scurry & Wynne, in good faith, without any knowledge of the mortgage, (which was not recorded,) and paid them a valuable consideration therefor.

Brown answered that Lancaster purchased with full notice of the mortgage and assumed the payment thereof. Spring Term, 1855, injunction dissolved, and on motion of plaintiff ordered that the petition stand over as an original bill, &c. At same Term there was a verdict for the plaintiff, and a new trial granted. Spring Term, 1856, verdict for defendant, and new trial granted. Fall Term, 1856, continued by defendant, on affidavit. Execution having issued, and the property having been sold, on the 3d of April, 1856, plaintiff amended March 10th, 1857, by

allegation of damages, which he laid at $2,500; prayer, &c. The defendant had taken Scurry's deposition, and its admissibility had been objected to on the ground of interest and the objection overruled at the Spring Term, 1856, as appeared by bill of exceptions; and said ruling was one of the grounds of the motion for new trial, which was sustained at that Term. The final trial, Spring Term, 1857, took the following course:—

Defendant being inquired of by the plaintiff, admitted " that he had executed to the witness Scurry such a release as would render him a competent witness in this cause." Plaintiff then introduced the affidavits for continuance marked D, E and F, as follows : D was the affidavit of Brown, made at the Fall Term, 1856, for the want of Scurry's testimony, to take which a commission had been issued, in which affidavit affiant stated that he mailed with the commission " a release, duly executed by John M. Brown to said Scurry," and " that Scurry had no interest in the event of the suit." E was an affidavit by defendant's counsel at same time, in which affiant stated that he was " informed and believed that Scurry had been duly released, and the release sent forward with the interrogatories." F was an affidavit which appeared to have been filed by defendant Brown, for a continuance, on the day of the trial, but upon which there was no order of Court entered, doubtless because the trial resulted in his favor. It was for the same cause as the previous continuance, to wit: the want of Scurry's testimony, and contained the following statement, " that a commission was issued since last Court; directed to the county of the residence of said witness Scurry, in time to have the same taken and returned before this Court; and a commission also was sent prior to the last Term of this Court, neither of which have been returned, and affiant also executed and sent a release of said witness' interest, so as to make him a competent witness."

Plaintiff then gave in evidence the judgment against Scurry and Wynne, and the execution, and sale of the property to Brown for $550. The refunding bond, given by Brown, upon dissolution of the injunction. Proof that plaintiff was a printer ; was in possession of the property ; and how his business was interrupted by the levy and sale; proof of the value of the property. Here plaintiff closed.

Defendant gave in evidence the mortgage of Scurry and Wynne to Brown, and the deposition of Scurry, for which the Clerk referred to the bill of exceptions taken at the Spring Term, 1856. It would seem therefore that upon the admission of the defend-

ant, that he had released Scurry, the plaintiff permitted his deposition which had been taken before the release, to go to the jury without objection. In said deposition Scurry testified that he informed Lancaster of the existence of the mortgage when he purchased; that Lancaster paid him the amount he, witness, had paid on the mortgage, and that the agreement was that a title was not to be made to plaintiff until he lifted the mortgage.

The Court submitted to the jury the defence of innocent purchaser, without notice, and refused the following instructions asked by plaintiff:—

1. That if they believe from the evidence, that Brown has released Scurry from his indebtedness to him, upon the judgment, they will find for the plaintiff the worth of the good-will of the Lone Star and Southern Watchtower, and the press, type, materials and fixtures belonging to the same, and also such damages as the proof shows that the plaintiff has sustained from the levy and sale of them.

2. That a release of a debt is in law a release of a mortgage, made for the purpose of securing the payment of the same.

Verdict and judgment for defendant; motion for new trial overruled, &c.

*Bassett & Bassett,* for appellant. We must give the expressions used in the affidavits and admissions a sensible interpretation, in connection with the surrounding circumstances. The defendant is estopped by his own admissions, and indeed by his own oath and those of his agent and attorney, from asserting that the witness was not disqualified on account of interest; at all events, he has admitted upon the record that he had discharged him from all liability on account of the judgment against him, and he will not now be permitted to take advantage of an *equivoque* in an expression used by himself in an affidavit, after he has had the benefit of the interpretation for which we are now contending.

The question then arises, whether the discharge and release of Scurry's debt did not also discharge the mortgage upon the press, &c., given to secure it, and thus render it absolutely the property of Lancaster, who had bought it of Scurry. If it did so, then Brown, the defendant, having voluntarily discharged the debt itself, would no longer have the right to sell the property mortgaged to secure the payment of that debt; and having sold the plaintiff's property under such circumstances, he has rendered

Lancaster v. Brown.

himself liable for its value. (Bac. Ab. tit. RELEASE, D.; Duty v. Graham, 12 Tex. R. 437; McClenny v. McClenny, 3 Id. 197.)

The only difference between the cases cited and that at bar is, that there, the principal debt had been discharged by the statute of limitations, whilst here, it is discharged by a release under the hand and seal of the creditor.

The release to Scurry operated to release Wynne also from all liability upon the judgment against them, and worked a complete discharge of the entire debt.

*J. D. & D. C. Giddings,* for appellee. The charges asked by the plaintiff were properly refused. They presented issues which were not raised by the pleadings, and had no relevancy to the case. They may or not be sound law, when applied to a proper state of pleading and facts, but not to this; and we submit that the only question in the case is, whether or not Lancaster had notice of the existence of the mortgage at the time he made the purchase of the press.

WHEELER, J. The Court might well hesitate to determine the effect of a release which was not before the Court and the terms of which were not proven or known. This Court would certainly hesitate to pronounce that it had the effect contended for by the appellant, upon the vague evidence respecting it in the record. It only appears that it was a release, or something intended and supposed by the party to be a release of the supposed interest of the witness, sufficient to render him competent to testify in the case. If its effect is to be determined by the test of what was necessary to render the witness competent to testify for the defendant, it might be difficult to say that it had any effect, for it is not perceived that the witness was not competent, without any release. But supposing it to have been a release of the witness from personal liability to the defendant upon the judgment of the latter against the witness and another, it does not clearly appear that it was given before the sale of the property in question under the judgment upon the mortgage; and if not, it could not affect the title of the purchaser. If it was an effectual release of the witness from the judgment, it does not appear that it was such a release as discharged the other judgment debtor and operated a satisfaction of the debt and mortgage. It does not appear that it was under seal; and it is held that a technical release under seal is necessary to be given to

one of several debtors in order that the others may avail themselves of it as a discharge. (Rowley v. Stoddard, 7 Johns. R. 207.) Enough does not appear to enable the Court to determine that the release operated a discharge of the judgment and mortgage. The judgment is affirmed.

Judgment affirmed.